IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MARK ANTHONY BARNETT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-10-153-D |
|  | ) |  |
| ERIC FRANKLIN, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 17] issued October 13, 2010. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), United States Magistrate Judge Robert E. Bacharach recommends the denial of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on all claims except those related to allegations of ineffective assistance of trial counsel in failing to investigate potential testimony of witness Sherry Ellis. On these claims, Judge Bacharach finds that an evidentiary hearing should be granted and that consideration should be deferred pending the completion of the hearing.

Petitioner, who is represented by counsel, has timely filed a "Partial Objection" to the Report. Petitioner purports to incorporate the arguments and authorities in a prior brief, and asserts generally "the AEDPA deference provisions are unconstitutional" and all claims asserted in his Petition have merit. *See* Petr's Partial Objection [Doc. No. 18] at 2. Petitioner makes no specific objection or claim of error with regard to any part of the detailed analysis of his claims in Judge Bacharach's thorough, 47-page Report. Accordingly, the Court finds that Petitioner has failed to make a specific objection to the Report and has waived further review of the findings and recommendation presented in it. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060

(10th Cir. 1996) ("'[A]n objection stating only "I object" preserves no issue for review.'"); *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

On the other hand, Respondent has filed a timely, specific objection. Respondent makes specific allegations of error in Judge Bacharach's findings regarding Petitioner's claim of ineffective assistance of trial counsel and the recommendation that Petitioner receive an evidentiary hearing. Upon consideration, the Court finds that a response by Petitioner would be helpful in conducting a *de novo* review of the part of the Report to which Respondent objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Therefore, the Court will direct Petitioner to respond to Respondent's Objection.

IT IS THEREFORE ORDERED that the Court overrules Petitioner's Partial Objection to the Magistrate's Report and Recommendation [Doc. No. 18] but defers a ruling on Respondent's Objection to the Report and Recommendation [Doc. No. 19].

IT IS FURTHER ORDERED that Petitioner shall file a written response to Respondent's Objection within 14 days from the date of this Order.

IT IS SO ORDERED this  7th  day of December, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE